IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald Sheets,                              :

            Plaintiff          :     Civil Action 2:04-629

v.                                          :     Judge Marbley

Michael J. Astrue, Commissioner
of Social Security,                         :     Magistrate Judge Abel

            Defendant
                                            :

## ORDER

This matter is before the Court on plaintiff Donald Sheets' January 15, 2008 objections to Magistrate Judge Abel's January 8, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Donald Sheets is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the administrative law judge failed to consider his stomach impairment because he erroneously concluded that it was not medically determinable and that Sheets' medical doctors did not find him credible. The administrative law judge determined that Sheets' gastrointestinal complaints were the result of his mental impairments because there was no evidence of a medically-determinable abdominal or

gastrointestinal impairment. Following that determination, the administrative law judge properly assessed the nature and severity of the limitations caused by his stomach impairment. The administrative law judge concluded that plaintiff's allegations of pain with respect to his stomach were not credible based on the observations of Drs. Shenoy and Caldwell, who noted that when they diverted his attention, Sheets did not report tenderness to palpation of the abdominal wall. Consequently, there was substantial evidence in the record supporting the administrative law judge's decision that Sheets' complaints of abdominal pain were not credible.

Sheets also argues that the administrative law judge failed to state what listings were applicable or why Sheets did not meet any listing either individually or in combination. Although plaintiff complains that the administrative law judge did not say what listings were applicable, this argument was not raised when the matter was before the Magistrate Judge and therefore is waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.") Furthermore, plaintiff's assertion is not accurate. The administrative law judge identified three listings that could have been applicable to his claim, Listings 12.04,, 12.06, and 12.08. Then the administrative law judge proceeded to analyze why he found that Sheets did not meet or equal those listings. *See* R. 522-23.

The Magistrate Judge correctly stated that when an administrative law refers to a claimant's combined impairments, he has met his obligation to consider the claimant's impairments in combination. *See, Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Magistrate Judge noted that the administrative law judge formulated a residual functional capacity that included limitations based on his mental impairment prior to October 2002 and his physical and mental limitations since October 2002. The administrative law judge concluded that plaintiff's abdominal, gastro-intestinal, and musculoskeletal pain complaints were not credible. The administrative law judge incorporated the combined impact of those impairments that he found credible. Furthermore, he specifically found that "[t]he claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (R. 533.)

Sheets argues that the administrative law judge failed to properly weigh the medical evidence. The administrative law judge properly applied that standard for evaluating the opinion of a treating doctor to Dr. Spetie's opinion by considering the length of the treatment relationship, the nature and extent of the treatment relationship, supportability, consistency, and in addition to other factors. *See* R. 528-29. There is substantial evidence in the record supporting the administrative law judge's finding that Dr. Spetie's opinions were inconsistent with other substantial evidence in the record. The administrative law judge rejected the opinion of Ms. Kelly because she had relied heavily on Sheets' self-reports, which the administrative law judge found to be

3

not credible. Furthermore, Ms. Kelly was an examining psychologist, rather than a treatment provider. (R. 529.) Consequently, the Magistrate Judge did not err by concluding that the administrative law judge gave adequate reasons for failing to give significant weight to the opinions of Dr. Spetie and Ms. Kelly.

Sheets further argues that the administrative law judge erred when evaluating his credibility because he only relied on unfavorable facts that occurred years before the hearing. The administrative law judge properly assessed Sheets' credibility. He relied on Sheets' inconsistent reports and denials of his past alcohol use and discrepancies in his work history and the reasons he asserted for leaving his job. The administrative law judge also found no evidence of significant and ongoing adverse side effects from treatment or medication. With respect to Sheets' abdominal pain, the administrative law judge found it significant that when Dr. Shenoy diverted Sheets' attention, his tenderness decreased significantly. Dr. Caldwell also noted that Sheets' alleged pain was far less when distracted. The administrative law judge also noted that when asked to identify his impairments, he initially failed to name his abdominal pain. With respect to plaintiff's alleged knee impairment, the administrative law judge noted that there was no positive findings on clinical exam, and a x-ray was negative. (R. 520.) He also concluded that there was no functionally limiting severe back impairment. Consequently, there is substantial evidence in the record supporting the administrative law judge's finding that Sheets' subjective symptoms were not credible with respect to his abdominal, gastrointestinal, and musculoskeletal pain symptoms.

4

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

Algenon L. Marbley
United States District Judge